USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10-16-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

          - v. -

GUNJIT MALHOTRA,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT

19 Cr. 411 (ALC)

WHEREAS, on or about June 4, 2019, GUNJIT MALHOTRA (the "defendant"), among others, was charged in a three-count Indictment, 19 Cr. 411 (ALC) (the "Indictment"), with conspiracy to commit mail fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to access a protected computer in furtherance of fraud, in violation of Title 18, United States Code, Section 371 (Count Two); aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1), 1028A(b) and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense that the defendant personally obtained;

WHERES, the Indictment included a second forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1030(i), any and all property, real or personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of the offense, and any and all personal property that was used or intended to be used to commit or to facilitate the commission of the offense, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two;

WHEREAS, on or about August 28, 2020, the defendant pled guilty to Counts One and Two, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Two and agreed to forfeit, to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1030(i), and Title 28 United States Code, Section 2461(c): (i) a sum of money equal to $3,134,804 in United States currency, representing any proceeds obtained directly or indirectly, as a result of said offenses or representing the amount of proceeds traceable to the commission of the offenses that the defendant personally obtained and (ii) all right, title and interest of the defendant in the following specific property:

i. $17,148.00 held in 

ii. $115,465.00 held in

iii. $307,289.00 held in ;

iv. $746,044.00 held in ;

v. $21,400.00 held in

vi. $426,255.00 held in ;

vii. $42,910.00 held in ; and

viii. $414,970.00 held in ███████████████████████████.

(i through vii, collectively the "Specific Property"), which constitutes proceeds obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts One and Two;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $3,134,804.00 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used or intended to be used to facilitate the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, Acting United States Attorney, Assistant United States Attorney, Ryan Finkel of counsel, and the defendant, and his counsel, Alexei Schacht, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $3,134,804.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Indictment that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offenses charged in Counts One and Two of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, GUNJIT MALHOTRA, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____          10/6/2020
    RYAN FINKEL                           DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-6612


GUNJIT MALHOTRA


By: __GUNJIT MALHOTRA/AS__               10/06/2020
    GUNJIT MALHOTRA                      DATE


By: _____          10/06/2020
    Alexei Schacht, Esq.                 DATE
    Attorney for Defendant
    123 West 94th Street
    New York, New York 10025


SO ORDERED:

_____              10-16-20
HONORABLE ANDREW L. CARTER, JR.          DATE
UNITED STATES DISTRICT JUDGE