USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7-20-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

GUNJIT MALHOTRA

---

**Order of Restitution**

Docket No. 19 Cr. 411 (ALC)

Upon the application of the United States of America, by its attorney, Audrey Strauss, United States Attorney for the Southern District of New York, Ryan Finkel, Assistant United States Attorney, of counsel; the presentence report; the Defendant's conviction on Counts One and Two of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

Gunjit Malhotra, the Defendant, shall pay restitution in the total amount of $3,134,804, pursuant to 18 U.S.C. § 3663, to the victims of the offenses charged in Counts One and Two. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

A. **Joint and Several Liability**

Restitution is joint and several with the following defendants in the following case, to the extent that the Court orders that those defendants pay restitution: Jas Pal and Gurjeet Singh in *United States v. Malhotra, et al.*, 19 Cr. 411 (ALC).

### B. Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

### 2. Schedule of Payments

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1) upon entry of this judgment.

While serving any term of imprisonment, the Defendant shall make installment payments toward his restitution obligation, and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Pursuant to BOP policy, the BOP may establish a payment plan by evaluating the Defendant's six-month deposit history and subtracting an amount determined by the BOP to be used to maintain contact with family and friends. The remaining balance may be used to determine a repayment schedule. BOP staff shall help the Defendant develop a financial plan and shall monitor the inmate's progress in meeting his restitution obligation. Any unpaid amount remaining upon release from prison will be paid in a lump sum, immediately.

3. **Payment Instructions**

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The Defendant shall write his/her name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

4. **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

5. **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the

event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____
HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE

7/15/21
DATE